Ex parte Hillman.

[70 South. 84.]

Bastards. *Proceedings. Bond for support. Acts of court in vacation.*

Section 283, Code 1906, confers upon the circuit judge in vacation the power to discharge persons confined in jail for failure to give bond for the support of bastards, and this section is the full limit of his powers in the premises. The judge cannot in vacation commit a defendant in bastardy proceedings to jail and for such commitment a writ of *habeas corpus* will lie.

APPEAL from the circuit court of Greene county.

HON. W. M. DENNY, JR., Chancellor.

J. P. Hillman sued out a writ of *habeas corpus*, which was denied and he appeals.

The facts are fully stated in the opinion of the court.

*J. W. Backstrom*, for appellant.

Counsel for Fannie E. Byrd is in error as to the requirements of section 280 of the Code of 1906, and I will quote this section in full: "280 (261) Security may be Required —The circuit court shall, in case the suit be by the county, and may, if the suit be begun by the mother, or child, require the defendant who has been found to be the father of the child to enter into bond, with sureties, to be approved by the court, or by such officer as the court may direct, in a penalty not greater than the amount of damages assessed by the jury, not to exceed one thousand dollars, payable to the state, and conditioned to pay the same, in manner and form, as required by the judgment entered in the case, for the support and education of the child, and that the child shall not become a public charge; and the defendant may be committed to jail and dealt with as convicts of misdemeanors until he shall comply with the order to give such bond."

This action of bastardy was begun by the mother of the child and not by the county, and whether or not security should be required was in the discretion of the circuit court. The court however did require that security be given, but did not provide any penalty for a failure to give the security. The court did not require that the defendant be committed to jail for a failure to give the security, and this judgment being a final judgment, when that term of court adjourned, it must stand or fall within itself. there being no proceeding to correct or reform it, if such could be done. I will call your honor's attention to the last clause of section 280 referred to above, that "and the defendant may. be committed to jail and dealt

with as convicts of misdemeanors until he shall comply with the order to give such bond." This matter or the matter of committing to jail is left to the discretion of the court, the court could require that security be given and then not commit to jail on a failure to furnish. When the judgment shown on page 7 of the record was rendered, the court did not require the defendant to be committed to jail for a failure to give the bond, and when the court failed to exercise that power then, it certainly could not do it in vacation without notice to the defendant, and I seriously doubt if it could be done under the circumstances.

Counsel for appellee attempts to show that appellant was in contempt of court for a failure to give the bond or pay the judgment, whether or not appellant might have been in contempt of court is no argument why he should be detained in this matter. Appellant is not detained for any contempt of court, and could not be legally detained until he was adjudged to be in contempt by a court of competent jurisdiction.

It is true that section 283 of the Code of 1906, does give the court the authority to discharge a person committed in a bastardy proceeding after six months, and the same can be done in vacation, but it does not give any authority in vacation to commit a person, and when a person is deprived of his liberty it must be legally done and the court must have the authority, and the only authority to commit in a bastardy case is given by the statute, and such statutes must be strictly construed.

I submit the chancellor erred in not discharging appellant and the judgment remanding appellant should be reversed and he be discharged.

*E. W. Breland* and *Jas. R. McDowell*, for appellee.

On appeal it is urged that the chancellor erred in not discharging appellant from custody, and in remanding him to the custody of the sheriff.

110 Miss.—14.

Section 280 of the Code of 1906, provides that the court may require the defendant who has been found to be the father of the child to enter into bond to pay the judgment for the support and education of the child "and the defendant may be committed to jail and dealt with as convicts of misdemeanor until he shall comply with the order to give such bond." Our court, following a long line of decisions, has upheld the statute. *Ex parte Bridgeforth,* 77 Miss. 418, 27 So. 622, 78 Am. St. Rep. 532.

Without doubt the court could have, in the judgment entered at the May term of the circuit court provided that if bond were not given promptly or within a reasonable time that defendant should stand committed to jail, and when he was committed to jail he could have been dealt with by the sheriff as a convict of a misdemeanor. The court however, did not remand him to jail until August 10th by an order issued in vacation without, so far as the record discloses, any summons or notice of any kind upon Hillman to appear and be heard; and it is argued that this order is void for that reason.

It is our contention that the court had a right at any time, when it was brought to his attention that his order had not been complied with, to order appellant to jail until he did comply with the order of the court. It is a matter of record that the defendant did not furnish the bond, and has not paid the judgment, and the second order which is merely supplementary to the first recites this fact. There is no defense which could have been offered. There was no necessity of summoning the defendant. The court, of his own motion, could have at any time, ordered the appellant to jail for failure to comply with the order requiring him to furnish bond.

It is our contention that the authority to remand the defendant to jail for failure to comply with the first judgment is a necessary incident to such order; and that as a matter of fact the sheriff could at any time within reason have taken appellant into custody for his failure

to comply with the order of the court, and certainly, when the court's attention was called to this failure. The power was inherent in the court to enforce its order by directing the immediate arrest of the defendant who had refused to comply therewith. "I quote from the following, a Massachusetts case:

"It is not easy to see why a court cannot issue process to compel a compliance with an order which it can lawfully pass in the absence of the party, or why a party could not as well be arrested wherever he may be found under such an order as he could upon an execution in common form. The statute provision is that he may be committed, and an order to that effect may be passed upon his default, that is in his absence."  *Young* v. *Makepeace,* 103 Mass. 50, 57.

"No other writ than an order of the court is necessary to authorize defendant's imprisonment upon his failure to give security for support." *State* v. *Mullen,* 50 Indiana 598.

One who disobeys or disregards or fails to comply with an order of a court of competent jurisdiction is in contempt of court and may be punished therefor.

"Power to punish for contempts is essential to the preservation of order and the proper discharge of judicial functions, and is inherent in all courts, especially those of superior cognizance." *Shattuck* v. *State,* 51 Miss. 50, 24 Am. Rep. 624.

"The probate court has power to imprison an administrator, executor, or guardian, for contempt, on account of his failure or refusal to comply with any lawful order of the court." *Watson* v. *Williams,* 36 Miss. 331; *Verner* v. *Martin,* 10 S. & M. 103.

I cite these cases to show the authority of the court to enforce its own orders. If the court is stripped of such authority, then proper and orderly administration of proceedings in court would resolve itself into a farce.

Cook, J., delivered the opinion of the court.

Appellant was, by order of the circuit judge in vacation, committed to the county jail for his default in making a bond which the circuit court had theretofore ordered him to make as a part of its judgment in bastardy proceedings instituted against him by the mother of his bastard child. Appellant sued out a writ of *habeas corpus* returnable to the chancellor, and upon the hearing the chancellor declined to grant relief, but remanded appellant to the custody of the sheriff to await the order of the circuit court.

It will be noted that the relator was deprived of his liberty upon the order of a circuit judge made in vacation, because the relator had failed to comply with the judgment of the circuit court requiring relator, as defendant in bastardy proceedings, to make a bond conditioned to pay the plaintiff the judgment rendered against defendant in said bastardy proceedings. The vacation judgment of the circuit judge was a nullity. We can find nothing in the statutes authorizing the circuit judge in vacation to render the judgment in question, and he has no such authority without statute. Section 283, Code 1906, confers upon the judge in vacation the power to discharge persons confined in jail for failure to give bond for the support of bastards, and this section is the full limit of his powers in the premises.

The relator was illegally deprived of his liberty, and the chancellor should have ordered him discharged.

Judgment will be entered here reversing the chancellor and discharging appellant.

*Reversed.*